UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAHMOUD SALEH,

        Petitioner,

vs.                                  Case No. 3:16-cv-68-J-25JBT

LORETTA LYNCH, U.S. ATTORNEY
GENERAL, et al.,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On January 22, 2016, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition) (Doc. 1).[1] Petitioner is confined in the Baker County Jail. Petitioner contends that he has been unlawfully detained by the United States Immigration and Customs Enforcement (ICE) while awaiting the execution of his removal order. Upon review of the Petition, this Court is of the opinion that the Petition should be dismissed without prejudice as it has been prematurely filed in this Court and jurisdiction lies elsewhere.

Petitioner states that he received a notice stating that if he had not been released or removed from the United States by January 19, 2016, jurisdiction of his custody decision would be transferred

---

[1] The Petition is dated January 20, 2016.

to the Headquarters Case Management Unit (Headquarters). Petition at 5. Although Petitioner has been in ICE custody for a period over six months, Headquarters has a period for review. See Decision to Continue Detention dated October 28, 2015 attached to the Petition. Petitioner has not attached a decision from Headquarters to the Petition. Headquarters apparently has not yet made a final decision.[2] Petition at 5-6. Petitioner must wait for his custody decision from Headquarters.

In Meighan v. Chertoff, No. H-08-1222, 2008 WL 1995374 (S.D. Tex. May 6, 2008) (not reported in F.Supp.2d), the court summarized this review process as follows:

> After Zadvydas,[3] the Attorney General issued regulations to implement administrative review procedures for those aliens detained beyond the removal period. See Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed.Reg. 56977 (Nov. 14, 2001) (codified at 8 C.F.R. § 241.13). Under this scheme, an eligible alien may submit a written request for release to the Headquarters Post-Order Detention Unit ("HQPDU") asserting the basis for the alien's belief that there is no significant likelihood that the alien will be

---

[2] Jurisdiction of the custody decision transfers to Headquarters after the six-month period. The removal order became final on July 23, 2015, and the six-month period expired on January 19, 2016. Petition at 4-5. It is not entirely clear that Petitioner has submitted a written request for release to Headquarters, particularly since the six-month period ended January 19, 2016, and the Petition is dated January 20, 2016.

[3] In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns, and that six months is a presumptively reasonable period to detain an alien awaiting removal.

removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). The alien must include with the written request information sufficient to establish his compliance with the obligation to effect his removal and to cooperate in the process of obtaining necessary travel documents. 8 C.F.R. § 241.13(d)(2). The HQPDU must respond in writing to the alien, acknowledging receipt of the request for a review of his continued detention. 8 C.F.R. § 241.13(e)(1). Immigration officials may detain the alien until it has made a determination whether there is a significant likelihood that the alien can be removed in the reasonably foreseeable future. See id.

The administrative review process contemplates the preparation of a record. If the HQPDU believes that the alien's request provides grounds for further review, it may, in an exercise of discretion, forward a copy of the alien's written request for release to the Department of State for information and assistance in the form of detailed country conditions information or anything else that may be relevant to whether a travel document is obtainable from the country at issue. 8 C.F.R. § 241.13(e)(3). In making its decision about whether removal is reasonably foreseeable, the HQPDU considers a number of factors, including, but not limited to: (1) the history of the alien's efforts to comply with the order of removal; (2) the history of previous efforts to remove aliens to the country in question or to third countries; including the ongoing nature of the efforts to remove the particular alien and the alien's assistance with those efforts; (3) the reasonably foreseeable results of those efforts; and (4) the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question. 8 C.F.R. § 241.13(f). Where there is a continuing effort to remove the alien, there is no presumptive period of time within which the alien's removal must be accomplished, but the prospects for the

> timeliness of removal must be reasonable under the circumstances. See id.
>
> According to the applicable regulations, the HQPDU shall issue a written decision based on the administrative record, including any documentation supplied by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. 8 C.F.R. § 241.13(g). If there is no significant likelihood that the alien will be removed in the reasonably foreseeable future, HQPDU officials shall promptly make arrangements for the alien's conditional release. 8 C.F.R. 241.13(g)(1). If there is a significant likelihood that the alien will be removed in the reasonably foreseeable future, however, the HQPDU shall deny the alien's request for release. 8 C.F.R. 241.13(g)(2). There is no administrative appeal from the HQPDU's decision to deny a request for release. See id.

To comply with the Supreme Court's ruling in Zadvydas, the Attorney General promulgated regulations to provide Headquarters with jurisdiction to make a custody determination. See Flores v. Tyron, No. 13-CV-987-JTC, 2014 WL 2002830, at *4, (W.D.N.Y. May 15, 2014); Kalu v. U.S. Dep't of Homeland Sec., Nos. 1:10-cv-244, 1:10-cv-1229, 2010 WL 4366402, at *1 (M.D. Pa. Oct. 28, 2010). "Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future." Phean v. Holder, No. 1:11-CV-0535, 2011 WL 1257389, at *2 (M.D. Pa. Mar. 30, 2011) (citation omitted). Thus, jurisdiction to make a custody

4

determination lies with Headquarters at this stage of review, see id. at *2, and "it would be premature for [this] Court to undertake such a review," see Kalu, 2010 WL 4366402, at *2 (citations omitted). Once Petitioner has received his final decision from Headquarters, he may file a habeas petition. At that time, the record should be fully developed, which will benefit any analysis of Petitioner's request for release from ICE custody.

In consideration of the foregoing, the Court determines that the Petition is due to be dismissed to give Headquarters an opportunity to review Petitioner's custody. Petitioner may file a new habeas case once he has exhausted his administrative remedies and Headquarters has made its custody determination. See Royer v. Holder, No. 3:12-CV-1319-J-12MCR, 2012 WL 6553114, at *3 (M.D. Fla. Dec. 14, 2012) (dismissing the case without prejudice as prematurely filed for failure to exhaust remedies at Headquarters). If Petitioner elects to refile his claims, he should not place this case number on the petition. The Clerk will assign a new case number.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3.  The Clerk shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___2nd___ day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE

sa 1/27
c:
Mahmoud Saleh